■ PROMOVISION VIDEO DISPLAY CORP. et al., Respondents, v INTECH LEASING CORPORATION, Appellant.—In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County

(Robbins, J.), dated January 6, 1987, which denied its motion to compel the plaintiffs to submit their claims to arbitration pursuant to the Federal Arbitration Act (9 USC § 1 *et seq.)* and to stay this action pending arbitration, and granted the plaintiffs' cross motion to stay arbitration.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, the parties are directed to proceed to arbitration, and prosecution of this action is stayed in the interim.

In June 1985, Promovision Video Display Corporation (hereinafter Promovision) entered into an agreement with Fujitsu Systems of America, Inc. (hereinafter Fujitsu) whereby Fujitsu promised to sell, and Promovision promised to buy, computer components and additional equipment (hereinafter the sales agreement). The sales agreement contained a provision that "[a]ny controversy or claim arising out of or relating to this Agreement, any modifications or extensions hereof, or any performance hereunder or the breach hereof * * * shall be settled by arbitration".

By agreement dated December 26, 1985 (hereinafter the December agreement), Promovision and the defendant, Intech Leasing Corporation (hereinafter Intech), entered into a comprehensive financing agreement whereby Promovision would simultaneously execute an assignment to Intech of its rights under the sales agreement, which was annexed to the December agreement, and Intech would purchase the Fujitsu equipment and lease it back to Promovision. The assignment, which was similarly annexed to the December agreement, governed the financing arrangement between Promovision and Intech, and executed by those parties, contained a recitation of the prior contractual dealings between Promovision and Fujitsu and stated that the sales agreement between the two corporations, which contained the arbitration clause, was "attached hereto and made a part hereof". A further provision of the December agreement, that the parties thereto would execute a stock issuance agreement whereby Promovision would issue to Intech shares of its common stock on specified terms, was simultaneously complied with in a document which referred to the December agreement as the basis therefor.

A dispute arose between Promovision and Fujitsu regarding the failure of the computer components to comply with certain specifications, and Promovision ceased making rental payments to Intech. Intech thereafter suspended further purchase payments to Fujitsu. Each of the three parties has

demanded arbitration of its claims against the other parties. Promovision nevertheless commenced this action against Intech asserting various claims sounding in breach of contract and fraud.

Promovision opposed Intech's motion to stay the action and compel arbitration of the claims set forth in the complaint, arguing that the arbitration clause contained in the sales agreement did not govern controversies which arose between Promovision and Intech. We disagree, and accordingly reverse.

At the outset, we observe that Federal substantive arbitration law applies in this case which concerns "a contract evidencing a transaction involving commerce" (9 USC § 2; *see, Southland Corp. v Keating,* 465 US 1; *GAF Corp. v Werner,* 66 NY2d 97, *cert denied —* US —, 106 S Ct 1463).

The Federal Arbitration Act requires courts to decide the issue of arbitrability based upon their interpretation of the contractual intent of the parties since "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit" *(Steelworkers v Warrior & Gulf Co.,* 363 US 574, 582). This principle is tempered, however, by the "strong presumption favoring [arbitration]" *(Nolde Bros. v Bakery Workers,* 430 US 243, 254, *reh denied* 430 US 988).

The assignment from Promovision to Intech expressly states that the sales agreement, which contains the arbitration clause, is "attached hereto and *made a part hereof*" (emphasis added). The various agreements entered into among the parties represented an integrated and inextricably linked series of contracts which, as a whole, were intended to govern the transactions among Promovision, Fujitsu and Intech, and, as such, any claims arising thereunder are subject to arbitration by virtue of the express incorporation by reference of the arbitration provision of the sales agreement *(see, S. A. Mineracao Da Trindade-Samitri v Utah Intl.,* 745 F2d 190; *Gordon v Vincent Youmans, Inc.,* 358 F2d 261; *Consumer Concepts v Mego Corp.,* 458 F Supp 543; *Lowry & Co. v S. S. Le Moyne D'Iberville,* 253 F Supp 396, *appeal dismissed* 372 F2d 123). Finally, the mere inclusion of a claim of fraud in the complaint does not bar arbitration *(see, S. A. Mineracao Da Trindade-Samitri v Utah Intl., supra).* Lawrence, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.